## SCOTT *v.* NIBLETT.

Decision in *Spenver* v. *Knowland*, ante p. 222, affirmed.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas* and *Snyder*, for the plaintiff, cited *Spencer* v. *Knowland*, ante p. 222, as decisive of this case. *Garland* and *Pepper*, for the appellant.

The judgment of the court was pronounced by

SLIDELL, J. An order of seizure and sale was obtained upon a judgment in favor of *Niblett* against *Scott* in the United States Court, in the State of Mississippi. The judgment did not express on its face that it bore interest, but the plaintiff, in the executory proceeding, exhibited with the record an authenticated copy of a statute of Mississippi, passsed several years before the rendition of the judgment, which allowed interest on judgments at eight per cent. This rate was accordingly allowed by the order of seizure and sale.

We think the order of seizure improperly issued in this respect. See the case of *Spencer* v. *Knowland, ante* p. 222. If the creditor had asked us to maintain the order of seizure and sale as to the capital sum, abandoning the interest, it might then have become necessary to examine the points made as to the char-

acter of the judgment, and the authentication of the transcript. There being no such application, we confirm the judgment of the court below rendering the injunction perpetual.

As some doubt might arise from the phraseology of the injunction thus rendered perpetual and the proceedings in the cause, as to the force and effect of the *judgment appealed from*, we think proper to say, in affirming it,.that we consider it simply as determining that the order of seizure and sale in question illegally issued, and that it does not form *res judicata* as to the force and effect of the judgment rendered in Mississippi.                *Judgment affirmed.*